```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
TRANSONIA ABBOTT,                                           :
                                                            :
                              Plaintiff,                    :
                                                            :           23-CV-5152 (VSB)
                  -against-                                 :
                                                            :                ORDER
CITY OF NEW YORK, et al.,                                   :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

      I am in receipt of Plaintiff Transonia Abbott's letter motion, dated May 2, 2024, for leave to amend to name Police Officer Nercy Burgos as a defendant.  (Doc. 28.)  I am also in receipt of Defendant City of New York's (the "City") opposition, which was filed on May 10, 2024.  (Doc. 30.)  Because I find that Plaintiff failed to act with diligence in seeking leave to amend and has not demonstrated good cause, Plaintiff's motion for leave to amend is DENIED.

      Courts in the Second Circuit have consistently treated motions to substitute named individuals for John and Jane Does as requests to join additional parties pursuant to Rule 15 of the Federal Rules of Civil Procedure "because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued."  *Tardif v. City of New York*, No. 13-CV-4056, 2016 WL 2343861, at *3 (S.D.N.Y. May 3, 2016) (quoting *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir. 1993)).  Under Rule 15(a)(2), courts should "freely give leave [to amend] when justice so requires.'"  Fed. R. Civ. P. 15(a)(2).  The "permissive standard" of Rule 15 "is consistent with [the Second Circuit's] strong preference for resolving disputes on the merits."  *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011).  However, "[w]here, as here, a scheduling order governs amendments to the complaint[,] the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling

order shall not be modified except upon a showing of good cause."[1]  *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009) (internal quotation marks and citation omitted); *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) ("Rule 15's liberal standard must be balanced against the more stringent standard of Rule 16.").  Compliance with Rule 16's "good cause" requirement is a threshold matter.  *Id.*

"[W]here the substance of the proposed amendment was known to the movant prior to the deadline for amending pleadings, but the movant nevertheless failed to act, courts have denied leave to amend under Rule 16."  *380544 Can., Inc. v. Aspen Tech., Inc.*, No. 07-CV-1204, 2011 WL 4089876, at *3 (S.D.N.Y. Sept. 14, 2011) (collecting cases); *see also iMedicor, Inc. v. Access Pharm., Inc.*, 290 F.R.D. 50, 52 (S.D.N.Y. 2013) ("[T]he good cause standard is not satisfied when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." (quoting *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010))).  Although "the district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including . . . prejudice," *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007), the Second Circuit has held that "a lack of diligence is . . . reason alone to deny leave to amend."  *Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 850 F. App'x 38, 43 (2d Cir. 2021).  An amendment is prejudicial to the non-moving party if it "would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'"  *Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)).  "Ultimately, 'the decision as to whether to let Rule 16(b) stand as a bar to

---

[1] Although Plaintiff argues that the deadline to amend the complaint as set forth in the Section 1983 Plan, which was October 26, 2023, controls, I issued a Case Management Plan and Scheduling Order on October 2, 2023 which stated that "[n]o additional parties may be joined after 30 days from the entry of this order absent a showing of good cause under Federal Rule of Civil Procedure 16."  (Doc. 11.)  Thus, the City is correct that the deadline to amend the complaint was November 1, 2023.  However, even if Plaintiff were correct, the Rule 16 standard requiring Plaintiff to establish good cause governs regardless of whether the deadline to amend the complaint was October 26, 2023 or November 1, 2023.

amendment lies within the court's discretion.'" *Anzovino v. Wingate of Dutchess, Inc.*, No. 21-CV-7625, 2022 WL 17076750, at *2 (S.D.N.Y. Nov. 18, 2022) (quoting *Qanouni v. D&H Ladies Apparel LLC*, No. 18-CV-2763, 2021 WL 9036182, at *8 (S.D.N.Y. March 23, 2021)).

Applying the foregoing principles, I find that Plaintiff has failed to demonstrate good cause for their belated amendment, as required by Rule 16. *See* Fed. R. Civ. P. 16(b)(4). In their letter, Plaintiff refers to videos and recordings that the City produced on November 21, 2023 suggesting this as evidence supporting good cause for not seeking to amend the complaint earlier. *See* (Doc. 28 at 1.) However, to the extent Plaintiff is arguing that they did not learn that the Jane Doe Defendant named in their complaint was named Nercy Burgos before November 21, 2023, such an argument is belied by the record. Plaintiff's complaint alleges a substantive due process claim against "an unknown female officer (with a name resembling 'Nercy Burgos,' upon information and belief)," who allegedly watched Plaintiff use the restroom while they were detained in NYPD custody. (Doc. 1 ¶¶ 24–25; 92–93.) On October 12, 2023, the City provided its Initial Disclosures Pursuant to Rule 26(a)(1)(A) and Limited Discovery Plan Pursuant to Local Rule 83.10, which disclosed Police Officer "Nercy Burgos" as an individual likely to have discoverable information. (Doc. 30-1 at ¶ i.4.) The City argues that this disclosure, coupled with its production of the underlying CCRB final investigation file, (*see id.* at vi.), served as "confirmation that the Jane Doe officer listed in [P]laintiff's complaint was, indeed, named 'Nercy Burgos'" and that despite receiving this information "nearly three weeks prior to the deadline to amend, [P]laintiff did not act on this information." (Doc. 30 at 2.) Although it could be debated whether or not these disclosures alone necessarily serve as confirmation that the Jane Doe listed in the complaint is Nercy Burgos, Plaintiff does not provide any justification for their failure to exercise diligence in seeking to confirm that fact and failure to move to amend the complaint accordingly before the November 1, 2023 deadline. *See Tardif*, 2016 WL 2343861, at *5 ("[T]he moving party must show that, despite having exercised diligence, the applicable

3

deadline could not reasonably have been met.") (citation omitted)).

In addition, even assuming that I credit Plaintiff's assertion that they did not learn that the Jane Doe listed in the complaint was Nercy Burgos until receiving the above-referenced videos and recordings on November 21, 2023, Plaintiff did not file their motion seeking leave to amend the complaint until May 2, 2024, more than five months after learning the information. Plaintiff does not provide any good cause to excuse the lack of diligence evinced by this five-month delay. *See Gullo v. City of New York*, 540 F. App'x 45, 47 (2d Cir. 2013) ("The district court acted well within its discretion in concluding that plaintiffs' three-month failure to move for amendment after learning the officers' names failed to demonstrate the diligence necessary to satisfy Rule 16."); *see also Tardif,* 2016 WL 2343861, at *5 (finding "lengthy delay" of five months fell "far short of the diligence necessary to show good cause"); *Jackson v. Roslyn Bd. of Educ.*, 596 F. Supp. 2d 581, 586 (E.D.N.Y. 2009) (finding plaintiff's delay of nearly five months demonstrated "a lack of diligence").

Moreover, Plaintiff, having filed a complaint containing a "Jane Doe" defendant, did not request additional time to investigate the actual identity of the "Jane Doe". In addition, even if Plaintiff could demonstrate that they acted with diligence, I find that granting the proposed amendment at this stage of the litigation would prejudice Defendants, as discovery has been ongoing since October 2023. *See Ruotolo*, 514 F.3d at 192 (noting that an amendment is prejudicial where it "would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial'" (quoting *Block*, 988 F.2d at 350)).

Accordingly, Plaintiff's motion for leave to amend the complaint to name Police Officer Nercy Burgos as a defendant is DENIED. The parties are ordered to file a proposed amended

case management plan and scheduling order by July 31, 2024.

The Clerk of Court is respectfully directed to terminate the open motions at Docs. 28 and 32.

SO ORDERED.

Dated: July 10, 2024
       New York, New York

_____
VERNON S. BRODERICK
United States District Judge